107 F.3d 875
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
David DUVALL, Appellant,
Jeffrey ELNICKI; Karen Misjak; John Doe, 1 thru 5, Appellees.
 No. 96-2175.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 7, 1997.
Filed Feb. 21, 1997.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this 42 U.S.C. § 1983 action, David Duvall claimed that Jeffrey Elnicki and Karen Misjak conspired to violated Duvall's First Amendment rights by refusing to service his student loan and denying him access to public records under the control of the Missouri Coordinating Board for Higher Education (CBHE), in retaliation for his filing a state-court lawsuit against the CBHE. Duvall contends the district court improperly granted Elnicki's and Misjak's summary judgment motions. Having carefully reviewed the record, we conclude the district court correctly ruled that Elnicki was absolutely immune from suit for his advocacy functions as a state assistant attorney general and that Misjak and Elnicki (to the extent Duvall's claims did not involve Elnicki's advocacy functions) were entitled to summary judgment on qualified immunity grounds. We also agree with the district court that Duvall's conspiracy allegations are conclusory and insufficient to establish a meeting of the minds on the part of Elnicki and Misjak to violate Duvall's constitutional rights. Finally, contrary to Duvall's view, the district court implicitly denied Duvall's motion for additional discovery under Federal Rule of Civil Procedure 56(f) and did not abuse its discretion in making the ruling. We thus affirm the district court. See 8th Cir. R. 47B.